ALEJANDRO RODRÍGUEZ, Petitioner, v. INDUSTRIAL COMMISSION OF PUERTO RICO ET AL., Respondents. MARCOLINA G. DE TORRES, Petitioner, v. SAME, Respondents.

Nos. 282 and 284. Argued November 29, 1943.—Decided January 31, 1944.

Virgilio Brunet for appellant. Angel de Jesús Matos, Joaquina Pérez Cordero, and Joaquín Correa Suárez, for the Manager of the State Insurance Fund, respondent.

MR. JUSTICE TODD, JR., delivered the opinion of the court.

These two proceedings were heard together and will be decided by us likewise. They involve a single question,

namely, whether the Industrial Commission has continuing jurisdiction to reopen a case at any time for the purpose of increasing the disability originally acknowledged to an injured workman.

The facts in each of these two cases are as follows:

*Case No. 282:* On July 6, 1936, Alejandro Rodríguez, a jockey, fell from a mare he was riding in one of our race tracks, received several injuries, and was confined in the Díaz García Clinic. One year afterward, on July 9, 1937, the Industrial Commission acknowledged that the workman suffered from a permanent partial incapacity of 40 per cent of his total earning power. Four and a half years later, that is, on January 28, 1942, the workman requested the Industrial Commission to reopen the case on the ground that his disability had increased to such an extent that it should be considered as total and permanent. On June 9th of the same year, the commission decided to reopen the case but subsequently, on August 21, 1942, at the instance of the Manager of the State Insurance Fund, it reconsidered its decision and denied the petition. This court affirmed that decision on the ground that a reconsideration had not been requested from the commission (*Rodríguez* v. *Industrial Commission,* 61 P. R.R. 215). The workman then submitted the petition to the Manager of the Fund and upon the latter denying the same, he appealed to the commission, which by a decision of August 11, 1943, based on its former decision of August 21, 1942, again denied the workmen's petition. A reconsideration sought was also denied.

*Case No. 284:* On September 20, 1939, the workman Antonio Juan Torres was injured while he worked for his employer the Bull Insular Line, Inc. Eight days afterward the State Fund denied his claim for compensation. On November 29, 1940, the Industrial Commission decided that the case was compensable, and on April 30, 1941, said commission acknowledged to the workman a thirty-three and one-third

per cent disability for pulmonary tuberculosis. On October 14, 1942, the workman applied to the State Fund for a reopening of the case on the ground that his disability had increased. The Fund refused to reopen the case and the workman appealed to the Industrial Commission. The latter set the case for hearing on February 8, 1943. On the day of the hearing counsel for the workman filed a motion requesting that, the workman having died on January 23, 1943, his widow and his son be considered as subrogated to his rights. On August 12, 1943, the commission dismissed the appeal taken by the beneficiaries of the deceased workman on the same grounds as in the *Rodríguez* case, *supra*.

The Industrial Commission held that the Workmen's Accident Compensation Act (Act No. 45 of 1935, Sess. Laws, p. 250) does not expressly authorize it to order the examination, hospitalization, and medical treatment of a workman after he has been discharged from treatment nor to reopen the case and increase the disability allowance of the workman, even though his condition has been further impaired. The commission expressly stated that it chose to allow its former decision in this case to stand, as it preferred "that the matter be finally determined by our highest court."

██ The appellants maintain that under §6 of the Act, the Industrial Commission exercises quasi-tutelary functions with respect to the injured workman and that, therefore, even though the Act contains no provision authorizing the commission to reopen a case after the workman has been discharged from treatment, in the performance of said quasi-tutelary function it is its duty to continue "protecting, caring for, and defending the workmen" whenever it is shown that the physical condition of the latter has become worse in consequence of the accident, and to increase the compensation award. In case No. 284 it is maintained that the beneficiaries of the deceased workman should be considered as subrogated to his rights.

The fifteenth paragraph of §6 of the Act in its pertinent part provides. that—

"The Industrial Commission shall exclusively have functions of a quasi-judicial and quasi-tutelary nature for the investigation and decision of all cases of accidents in which the Manager and the injured workman or employee or their beneficiaries do not reach an agreement in regard to the compensation as provided in Section 9 of this Act, and in the exercise of its functions it shall represent only public interest. . . .

In connection with the above provisions, the appellants cite the last paragraph of §5 of the Act which provides that—

"In cases of permanent partial disability and permanent total disability, the workman or employee, at the instance of the Manager, is obliged to appear before the Industrial Commission to submit to an examination for the purpose of ascertaining if his disability has ceased during the period that he receives his compensation, which compensation shall be suspended as soon as such disability ceases."

The appellants then conclude by stating that if the Industrial Commission is empowered to reopen the case of a workman for the purpose of ascertaining whether his disability has ceased and to order that the compensation which he receives be suspended if his disability has ceased, the commission should also have power to increase the disability allowance where the workman shows that he is entitled thereto.

Regarding this reasoning we think that the appellants are right, but we are of the opinion that such is not the situation in the case at bar. The power granted to the commission by §6, *supra,* is confined to the determination of whether the workman's disability has ceased "during the period that he receives his compensation." We think that during that same period the commission is also empowered to determine whether such disability has increased. It would be unjust that this could not be done in a proper case, even though the Act does not expressly so provide.

In the cases we are now deciding the periods during which the workmen received compensation had already expired, and it was not until four and a half years and one and a half years, respectively, after they had been discharged from treatment, that the workmen again applied to the commission.

The appellants argue that "the decisions in all the States of the Union are uniform as to the right of the workman to have his compensation increased when it is shown that the conditions have changed." That is true, but it is due to the fact that the statutes in those states expressly fix a term or the conditions under which the commission can reopen the case and readjust the compensation. The right which is acknowledged is not absolute but limited and conditional. We will cite some examples [1]: In Georgia the limit fixed is two years (§45 of the Act); in New York, 7 years from the time the accident occurred and 3 years from the last payment of compensation (§25a); in California, 245 weeks (§5410); in Ohio, 10 years (§§1465-86).

For a broader discussion of this question of reopening cases see Dodd "Adminisration of Workmen's Compensation," pp. 196–213.,

The Workmen's Accident Compensation Act of Puerto Rico with the exception of §12 already cited, contains no provision expressly authorizing the Industrial Commission to reopen a case after the same has been finally decided. This might be interpreted as showing the intention of the Legislature to confer on the commission containing or indeterminate jurisdiction, but even so, it must be admitted that it would be incumbent on the commission to take such action in the exercise of a sound discretion in each particular case. Considering the question from that standpoint, could it be maintained that the commission abused its discretion

---

[1] See Vols. 1–4 Schneider Workmen's Compensation Statutes.

in the instant case? We think not, for the reasons which the commission itself stated in its decision, to wit:

"We are not unmindful of the fact that if we open the door and permit the reopening of cases already decided, there being no express provision-authorizing such action and much less fixing a limitation period, a litigated case would never end and would always be subject to be reconsidered at any time. Apart from the fact that the manager has no control over the future conduct of the employee, in many cases it would be difficult to determine whether the aggravation of an injury has been due to causes which are foreign to the accident giving rise to the original claim, for, intervening causes unknown to the manager may have arisen creating an increase in the disability since the original decision was made.

"On the other hand, we are aware that occasionally the results of an injury can not be determined at the time or shortly after the same has been received. As was said by an Arizona court, 'to require that those results manifest themselves immediately is to require an impossibility.' For that reason, in certain cases, an injustice might be done. But such is not the situation in the present case. Here there is involved an award to the workman, acknowledging a certain disability, after all the steps prescribed by the law and the procedure had been followed; and after the lapse of several years it is now sought to reopen the case with a view to increasing such an award..."

■ What the cases herein show is that in our Workmen's Accident Compensation Act there is a gap which the Legislature alone can fill, if it desires to prescribe for the Industrial Commission a fixed term within which it may reopen a case for readjusting the workman's disability to the antecedent facts and fixing the compensation to which he may be entitled in accordance with those facts. Since such a function is legislative and not judicial, the decisions appealed from must be affirmed.